IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division



EDWARD LEE DAVIS,

    Petitioner,

v.                              Civil Action No. 3:13CV119

HAROLD CLARKE, et al.,

    Respondents.

**MEMORANDUM OPINION**

Petitioner Edward Lee Davis, a Virginia inmate proceeding pro se, filed this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 ("§ 2254 Petition"). Davis challenges his conviction in the Circuit Court of the City of Suffolk for possession of cocaine with intent to distribute. Davis asserts that he received the ineffective assistance from counsel:[1]

| | |
|---|---|
| Claim One | Counsel failed to have the preliminary hearing transcribed. (Mem. Supp. § 2254 Pet. 8.) Such an omission prevented counsel from: (a) effectively cross-examining Officer Hearn, the arresting officer (see id. at 11); (b) challenging Officer Hearn's description of the area where the arrest had occurred (id. 9-10); and (c) learning how long Officer Hearn had served on the police force (id. at 9). Davis also suggests the preliminary hearing transcript would have allowed |

---

[1] "In all criminal prosecutions, the accused shall enjoy the right . . . to have the Assistance of Counsel for his defence." U.S. Const. amend. VI.

|  |  |
|---|---|
|  | counsel to discover the information in Claims Two through Four. (<u>Id.</u> at 10.) |
| Claim Two | Counsel failed to ascertain the dew point for the day of Davis's arrest. (<u>Id.</u>) |
| Claim Three | Counsel failed to locate and interview the resident "whose home the defendant was arrested in front of . . . ." (<u>Id.</u>) |
| Claim Four | Counsel failed to locate and interview the owner of the bush from which the cocaine was recovered. (<u>Id.</u>) |
| Claim Five | Counsel "failed to tell [Davis] that if he took the stand he would be asked about his felony status and how that would be used against him." (<u>Id.</u> at 22 (emphasis omitted).) |

Respondents have moved to dismiss on the grounds that Davis's claims lack merit.[2] Davis has responded. (ECF No. 11.) For the reasons set forth below, the Motion to Dismiss (ECF No. 5) will be granted.

## I. PROCEDURAL HISTORY

Following a bench trial, the Circuit Court found Davis guilty of possession of cocaine with intent to distribute. The Circuit Court sentenced Davis to an active term of imprisonment

---

[2] The parties do not dispute that Davis has properly exhausted the above claims. Respondents, however, assert that Davis improperly seeks to introduce new facts in support of Claim Three. (Br. Supp. Mot. Dismiss ¶ 13 (citing <u>Cullen v. Pinholster</u>, 131 S. Ct. 1388 (2011), ECF No. 7). As explained below, even considering any new facts, Davis still fails to demonstrate entitlement to relief.

2

of eight years and six months. <u>Commonwealth v. Davis</u>, No. CR08000776-00, at 1-2 (Va. Cir. Ct. July 8, 2009).

Davis appealed. On appeal, Davis asserted that there was insufficient evidence to support his conviction. <u>Davis v. Commonwealth</u>, No. 1277-09-1, at 1 (Va. Ct. App. Jan. 27, 2010). In rejecting that claim, the Court of Appeals of Virginia aptly summarized the evidence of Davis's guilt as follows:

> [T]he evidence proved that on April 14, 2008, Officer B.C. Hearn stopped the car appellant was driving. Hearn ordered appellant to lower all the windows. Instead, appellant exited the car and fled on foot. Hearn pursued appellant and observed him put his hand in his pocket and then make a throwing motion as he ran. Only after he made the throwing motion did appellant heed the officer's commands to stop. Hearn apprehended appellant and searched the area where appellant made the throwing motion. The police found a plastic bag containing over one hundred rocks of crack cocaine with a total weight of almost seven grams. Hearn explained that the bush in which the bag was found was wet, but that the bag "did not have a drop of moisture on it."
> During a search incident to arrest, the police found over three hundred dollars in cash on appellant's person. Appellant carried no ingestion devices, and the police found none in appellant's car. In his statement to the police, appellant remarked, "You didn't catch me with it, so you can't put it on me."
> Appellant argues that "[t]he facts do not show that [he] threw or shoved the cocaine in the bush." Although Hearn did not see appellant release anything when he made the throwing motion, the officer observed appellant reach into his pocket and make a motion towards the bush where the cocaine was found just a short time later. Additionally, appellant did not stop running until after he made the motion and Hearn explained that although the bush was wet, the bag was dry, suggesting it had just been placed there.

> Finally, appellant's immediate flight upon stopping his car indicates an awareness of guilt.

Id. at 1-2. Subsequently, the Supreme Court of Virginia refused Davis's petition for appeal, Davis v. Commonwealth, No. 100388, at 1 (Va. Oct. 7, 2010).

On October 11, 2011, Davis filed a petition for a writ of habeas corpus with the Circuit Court. Petition for Writ of Habeas Corpus, at 1, Davis v. Dir. Dep't of Corr., No. CL11-917 (Va. Cir. Ct. filed Oct. 11, 2011). The Circuit Court denied the petition for a writ of habeas corpus. Davis v. Dir. Dep't of Corr., ("State Habeas Op.") No. CL11-917, at 9 (Va. Cir. Ct. Feb. 16, 2012). Davis appealed. The Supreme Court of Virginia refused Davis's petition for appeal. Davis v. Clarke, No. 12083, at 1 (Va. Nov. 15, 2012).

## II. APPLICABLE CONSTRAINTS UPON FEDERAL HABEAS REVEW

To obtain federal habeas relief, at a minimum, a petitioner must demonstrate that he is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). The Antiterrorism and Effective Death Penalty Act ("AEDPA") of 1996 further circumscribed this Court's authority to grant relief by way of a writ of habeas corpus. Specifically, "[s]tate court factual determinations are presumed to be correct and may be rebutted only by clear and convincing evidence." Gray v. Branker, 529 F.3d 220, 228 (4th Cir. 2008)

4

(citing 28 U.S.C. § 2254(e)(1)). Additionally, under 28 U.S.C. § 2254(d), a federal court may not grant a writ of habeas corpus based on any claim that was adjudicated on the merits in state court unless the adjudicated claim:

> **(1)** resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
> **(2)** resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d). The Supreme Court has emphasized that the question "is not whether a federal court believes the state court's determination was incorrect but whether that determination was unreasonable—a substantially higher threshold." Schriro v. Landrigan, 550 U.S. 465, 473 (2007) (citing Williams v. Taylor, 529 U.S. 362, 410 (2000)).

### III. ANALYSIS

To demonstrate ineffective assistance of counsel, a convicted defendant must show first, that counsel's representation was deficient and second, that the deficient performance prejudiced the defense. Strickland v. Washington, 466 U.S. 668, 687 (1984). To satisfy the deficient performance prong of Strickland, a convicted defendant must overcome the "'strong presumption' that counsel's strategy and tactics fall 'within the wide range of reasonable professional assistance.'"

5

Burch v. Corcoran, 273 F.3d 577, 588 (4th Cir. 2001) (quoting Strickland, 466 U.S. at 689). The prejudice component requires a convicted defendant to "show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." Strickland, 466 U.S. at 694. In analyzing ineffective assistance of counsel claims, it is not necessary to determine whether counsel performed deficiently if the claim is readily dismissed for lack of prejudice. Id. at 697.

### A. Preliminary Hearing Transcript

In Claim One, Davis faults counsel for failing to have the proceedings in the preliminary hearing transcribed. Davis suggests that, with a transcript of thepreliminary hearing, counsel could have more effectively cross-examined Officer Hearn at trial, and could have challenged Officer Hearn's description of the area where the arrest had occurred, and could have learned how long Officer Hearn had served on the police force. In rejecting this claim, the Circuit Court concluded:

> The Court finds that petitioner has failed to satisfy Strickland's two-pronged test for these claims and they are denied and dismissed. The Court finds the preliminary hearing transcript has nothing to do with the number of years Officer Hearn had been on the police force, whether the Commonwealth would introduce a drawing of the neighborhood, what a meteorologist

6

> might say, or whether counsel could have located additional witnesses.
> 
> The Court concludes petitioner's allegations are without merit. The petitioner told the Court at the beginning of trial that he was ready for trial and was satisfied with the services of counsel. . . . The Court further finds that the only potential uses such a transcript could have served at the trial in this Court would be for impeachment of witnesses or refreshment of recollection. The petitioner has not demonstrated that any Commonwealth witness would have been impeached on a matter of substantial importance based on his testimony at the preliminary hearing. Significantly, when counsel challenged Officer Hearn as to whether his circuit court testimony was different from his testimony at the preliminary hearing, Hearn responded that he was reading from the same statement in circuit court that he used at the preliminary hearing and any differences amounted to "[s]ix of one and half dozen of the other."
> 
> In these allegations, the petitioner also alleges that counsel allowed an impeachment issue to "fade away" when admonished by the Court not to tell the witness what testimony the witness had previously given. The Court finds that the petitioner has not suggested how counsel should have held firm in light of the Court's instruction not to tell the witness what he had said. The Court finds counsel adeptly continued her questioning of the witness. The Court concludes the petitioner has failed to demonstrate deficient performance of counsel or resulting prejudice. The Court rejects the claims.

State Habeas Op., at 2-3 (alteration in original). The Circuit Court also concluded that Davis had provided no evidence to show that he could significantly refute the substantial evidence of his guilt:

> The Court finds the petitioner has not established that counsel could have impeached Officer Hearn on a substantial issue, and has not established how there is a reasonable probability of a different outcome at trial had counsel attempted such impeachment. The officer testified that he saw the petitioner run away

7

>from the traffic stop, pursued the petitioner, saw the petitioner make a throwing motion, and then observed the bag of cocaine in a bush in the area where that throwing motion had been made. The Court concludes the petitioner has failed to satisfy <u>Strickland</u>'s stringent two-part test and [the] Claim [ ] is denied and dismissed.

<u>Id.</u> at 4. Here, Davis has shown no error in the Circuit Court's conclusions. Accordingly, Claim One will be dismissed.

**B. Dew Point**

In Claim Two, Davis faults counsel for failing to ascertain the dew point on the date of his arrest. Davis speculates that, if counsel had investigated this issue, it "more than likely would have proved that there was NO DEW present that time of night." (Mem. Supp. § 2254 Pet. 23 (emphasis omitted).) In support of this argument, Davis alleges that he has researched the issue and the air temperature was three to four degrees above dew point at the time his arrest. (<u>Id.</u> at 24.) Davis suggests that such evidence would have impeached Officer Hearn's testimony that the outside of the bush from which he recovered the drugs was wet, but the bag containing the drugs was dry. (<u>Id.</u>)[3] The Circuit Court rejected this claim, noting that

---

[3] Officer Hearn testified that the bush from which he recovered the drugs "was wet, as it was very moist, dewy, out that night." (Jan. 7, 2009 Tr. 19.) Officer Hearn further testified that the bag containing the drugs, which was secreted within the bush, "did not have a drop of moisture on it." (Jan. 7, 2009 Tr. 20.) These circumstances corroborated Officer Hearn's testimony that Davis threw the bag of drugs into the bush as he ran past the bush. (Jan. 7, 2009 Tr. 11.)

"petitioner has supplied no affidavit or other sworn statement from any witness establishing a lack of dew on the night in question and this omission is fatal to the petitioner's claim." State Habeas Op., at 7 (citations omitted). That was an eminently reasonable conclusion. Where a petitioner faults counsel for not calling a witness, the petitioner must provide "concrete evidence of what [the witness] would have testified to in exculpation," so that the reviewing court can adequately assess the significance of the decision not to call the witness. United States v. Terry, 366 F.3d 312, 316 (4th Cir. 2004); see Bassette v. Thompson, 915 F.2d 932, 941 (4th Cir. 1990) (dismissing claims where petitioner failed to make an adequate proffer of testimony of omitted witnesses). Davis's "conclusory allegations [about the existence of favorable evidence] are insufficient to establish the requisite prejudice under Strickland." Terry, 366 F.3d at 316.

Moreover, even if Davis had introduced evidence about the general dew point in the City of Suffolk on date of his arrest, it would have done little to undermine the substantial evidence of his guilt, including his less than credible testimony. In finding Davis guilty, the Circuit Court stated:

> The Court does not find the defendant to be a credible witness. I'm satisfied that the reason that when he exited the car, rather than being fearful, was that he had a bag full of cocaine and that he wanted to get

9

> rid of it, and was successful, almost successful in doing so.
>
> This defendant has had many, many experiences with law enforcement. He has admitted to having been convicted of nine felonies, so he's been subject to arrest a number of times. When he made the statement "you didn't catch me with it," I think that's telling in this case. But I'm satisfied that the reason he ran was not from fear of the officer, but because he wanted to get rid of the substantial amount of cocaine that he had in his possession.

(Jan. 7, 2009 Tr. 101-02.) The record supports that finding. Accordingly, Claim Two will be dismissed because Davis fails to demonstrate prejudice.

### C. Missing Witnesses

In Claims Three and Four, Davis faults counsel for failing to call as witnesses an individual who apparently saw Davis's arrest ("the First Witness") (Claim Three) and the resident of the building adjacent to the bush from whence the drugs were recovered ("the Second Witness") (Claim Four). Davis contends that the First Witness could have bolstered Davis's assertion that he feared harm from Officer Hearn and stopped fleeing when someone could observe his interactions with Officer Hearn. (Mem. Supp. § 2254 Pet. 28.) Additionally, Davis asserts that the First Witness could "refute and impeach Officer Hearn[ ] that no one else was around [sic]." (Id.)

Officer Hearn readily acknowledged that there was an individual in the general vicinity of Davis's arrest. (Jan. 7,

2009 Tr. 24-25.) Thus, Officer Hearn was not subject to impeachment on this point. Moreover, as the Circuit Court observed, Davis's story about fearing for his safety lacked credibility. Finally, Davis failed to demonstrate that the First Witness could volunteer any testimony that would impeach Officer Hearn in view of the significant evidence of Davis's guilt.

Davis contends that both the First and Second Witness could have testified whether they observed a hole in the bush from which Officer Hearn recovered the drugs.[4] However, Davis has not shown how any testimony about whether the bush did or did not contain a hole could significantly have contributed to his theory of defense.[5] See Terry, 366 F.3d at 316. Nor did he show that those putative witnesses actually would have testified as he speculated they would. For the foregoing reasons, Claims Three and Four will be dismissed because Davis fails to demonstrate prejudice.

---

[4] Davis also suggests that the Second Witness could impeach Officer Hearn's testimony that he saw "petitioner place[ ] the bag of drugs in the bush . . . ." (Mem. Supp. § 2254 Pet. 28 (emphasis omitted).) Officer Hearn stated that Davis threw the bag into bush. (Jan. 7, 2009 Tr. 11.) Thus, the Second Witness could not contradict Officer Hearn's testimony on this point.

[5] Officer Hearn readily admitted, "Whether or not the hole was there prior to events of that night I don't know, but there was a hole in the front of the bush." (Jan. 7, 2009 Tr. 35.)

### D. Advice With Respect To Davis's Testifying

In Claim Five, Davis faults counsel for allowing him to take the stand notwithstanding his significant criminal history of nine prior felony convictions. Davis says that counsel failed to tell him that, if he testified, the prosecutor could use his prior felony record to attack his credibility. This claim lacks factual merit. In rejecting this claim, the Circuit Court found:

> The decision whether to testify is one of the decisions which rests with the defendant, not his lawyer. See Jones v. Barnes, 463 U.S. 745, 751 (1983); see also Daniels v. Lee, 316 F.3d 477, 490 (4th Cir. 2003). The record reveals that at trial, prior to the petitioner taking the stand, counsel advised the Court that the petitioner had said he wanted to testify. The petitioner did not dispute that it was his decision to take the stand.
> The Court further finds that the record from trial refutes the petitioner's claim that counsel failed to advise him that his prior criminal convictions could be used against him. During direct examination, counsel asked the petitioner about his prior felony convictions. Counsel said, "I'm going to ask you this, because I know the Commonwealth's Attorney will ask you. Have you ever been convicted of a felony." Counsel then stated to the petitioner, "When the Commonwealth asks you, inquires in that, you're not going to tell him what you were convicted of, are you?" The petitioner responded, "I won't going to tell him." Counsel added, "No, you're not going to tell him, are you?" She repeated, "You're not going to tell him, are you?"
> The Court finds that it is clear from these questions that counsel and the petitioner had previously discussed the issue of what the prosecutor could ask about the prior record and what he was not permitted to ask the petitioner.

12

State Habeas Op., at 5. Given the record and the foregoing findings, Davis has not demonstrated any deficiency on the part of counsel. Accordingly, Claim Five will be dismissed.[6]

### IV. CONCLUSION

The Motion to Dismiss (ECF No. 5) will be granted. The § 2254 Petition (ECF No. 1) will be denied. The action will be dismissed.

An appeal may not be taken from the final order in a § 2254 proceeding unless a judge issues a certificate of appealability ("COA"). 28 U.S.C. § 2253(c)(1)(A). A COA will not issue unless a prisoner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This requirement is satisfied only when "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" Slack v. McDaniel, 529 U.S. 473, 484 (2000) (quoting Barefoot v. Estelle, 463 U.S. 880, 893 & n.4 (1983)).

---

[6] Moreover, given the weight of the evidence against him, no reasonable possibility exists that Davis could demonstrate prejudice even when considering the collective effect of the alleged errors by counsel.

Davis fails to satisfy this standard.  A certificate of appealability will be denied.

The Clerk is directed to send a copy of the Memorandum Opinion to Davis and counsel for Respondents.

It is so ORDERED.

                                                                           _____/s/_____
                                                                           Robert E. Payne
                                                                           Senior United States District Judge

Richmond, Virginia
Date: February ___, 2014